UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMANUEL ULABAREZ NORENA,<br><br>      Petitioner,<br><br>   v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, *et al*.,<br><br>      Respondents. | Case No.  1:26-cv-04001  (VC)<br><br>**ORDER DENYING PETITON FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**<br><br>Re: Dkt. Nos. 1, 4 |

This habeas action concerns the detention of Emanuel Ulabarez Norena, a noncitizen who entered the United States on December 8, 2015.  Petitioner was arrested by United States Immigration and Customs Enforcement ("ICE") on February 28, 2026. This matter is before the Court on Petitioner's writ of habeas corpus and motion for temporary restraining order. For the reasons explained below, the Court DENIES without prejudice Petitioner's writ of habeas corpus and resolves the motion for temporary restraining order as moot.

## I.      BACKGROUND

Petitioner is a native and citizen of Columbia who entered the United States on December 8, 2015 on a tourism visa which expired on June 7, 2016. Dkt. 9-1 at 2. Following the expiration of his visa, Petitioner applied for asylum, which was denied by USCIS on September 8, 2025. *Id*. Petitioner did not leave the country following the expiration of his visa or denial of his asylum application. On February 28, 2026, Petitioner was arrested by the Department of Homeland Security ("DHS") following an arrest for controlled substance-related crimes. Dkt. 9-1 at 2. He was subsequently issued a notice to appear and charged with removability under 8 U.S.C. §

1227(a)(1)(B). Dkt. 9-2 at 1. He has remained detained since that time.

Petitioner had a bond hearing before an Immigration Judge ("IJ") on May 11, 2026 pursuant to 8 C.F.R. § 1236. Dkt. 9-3. The IJ denied bond, finding that Petitioner was a danger to the community and a flight risk. *Id*. Following this determination, Petitioner filed a pro se petition for a writ of habeas corpus requesting immediate release from detention or, in the alternative, a bond hearing. *See* Dkt. 1.

## II.    DISCUSSION

Petitioner's contends that his "ongoing prolonged detention without a hearing violates due process." *Id*. ¶¶ 46–49. As a remedy, he requests that the Court order his immediate release or, in the alternative, a bond hearing before an immigration judge. *Id*. at 17. The petition does not provide any details or allegations with respect to the May 11, 2026 bond hearing, nor does it even mention that one occurred. In response, the Government argues that "Petitioner is lawfully detained under 8 U.S.C. § 1226(a)[,]" Dkt. 9 at 1, and that Petitioner needs to exhaust his administrative remedies by appealing the IJ's bond hearing finding before the Court can rule on the merits of his petition. *Id*. at 3–4. Though he was appointed counsel, Petitioner did not file a reply responding to either of these arguments.

Turning first to the proper detention authority, Petitioner has not challenged Respondents' assertion that he is properly detained pursuant to § 1226(a). "This provision authorizes the Attorney General, in his discretion, to arrest and detain aliens 'pending a decision on whether the alien is to be removed from the United States.'" *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022) (quoting 8 U.S.C. § 1226(a)). "Under § 1226(a) and its implementing regulations, a detainee may request a bond hearing before an IJ at any time before a removal order becomes final." *Id*. at 1197. Petitioner did not challenge Respondents' application of § 1226(a) in his instant petition or on reply, nor did he argue that he was entitled to a pre-deprivation hearing prior to being detained. As such, the Court finds that Petitioner may be properly detained pursuant to § 1226(a).

As Petitioner was afforded a bond hearing pursuant to § 1226(a), on this record, the Court

finds that Petitioner failed to exhaust his administrative remedies prior to filing the instant petition. In *Leonardo v. Crawford*, the Ninth Circuit found that the proper course upon bond denial under § 1226(a) is to appeal that determination to the BIA, and then seek habeas relief if it is still warranted. 646 F.3d 1157, 1159 (9th Cir. 2011). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Id*. Here, Petitioner has not appealed his bond denial with the BIA, nor has he made any argument suggesting that exhaustion should be excused, that the bond hearing violated his due process rights, or that Respondents application of § 1226(a) was unlawful. Accordingly, the Court must dismiss the petition without prejudice.

## III.   CONCLUSION

For the foregoing reasons, the petition is dismissed without prejudice to refiling upon exhaustion of administrative remedies or facts suggesting that the exhaustion requirement should be excused.

**IT IS SO ORDERED.**

Dated: June 18, 2026

_____

VINCE CHHABRIA
United States District Judge